NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4582
_____

UNITED STATES OF AMERICA

v.

OSARHIEME UYI OBAYGBONA,
AKA Uyi Obaygbona,
AKA Bside Bside,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-11-cr-00299-004)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2013

Before:  MCKEE, *Chief Judge*, FUENTES, and SLOVITER, *Circuit Judges*.

(Filed: February 27, 2014)

_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

After a two-week trial, a jury convicted Osarhieme Obaygbona of conspiring to commit wire fraud, conspiring to commit identity theft, and conspiring to commit unauthorized computer access. Obaygbona appeals from his criminal conviction and sentence. He attacks the District Court's instructions to the jury, the prosecutor's argument at summation, and the calculation of his U.S. Sentencing Guidelines range. As none of these challenges has merit, we affirm Obaygbona's conviction and sentence.

## I. Background

Obaygbona, working with others, withdrew money from the bank accounts of strangers. The scheme was simple, but effective. A member of the conspiracy would obtain the personal information of a target and pass the target's information to Obaygbona. Obaygbona would use the information to access the target's bank accounts by internet or telephone. Obaygbona or another member of the conspiracy would then dispatch a runner to the bank to pose as the target and withdraw funds from the target's account. Afterwards, Obaygbona would verify the details of the transaction with the bank.

The government and Obaygbona presented their cases during a two-week trial. The jury found that Obaygbona conspired to commit wire fraud, in violation of 18 U.S.C. § 1349; conspired to commit identity theft, in violation of 18 U.S.C. § 1028(f); and conspired to gain unauthorized access to computers, in violation of 18 U.S.C. § 1030(b).

At sentencing, the District Court found that enhancements increased Obaygbona's Guidelines offense level. Among them, the District Court estimated that the scheme resulted in actual or intended losses in excess of $70,000. Accordingly, the District Court applied an 8-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(E). The District Court also estimated that the number of victims exceeded 50. Accordingly, the District Court applied a 4-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(B). Based on those findings, and others relating to the nature of the fraud, Obaygbona's role, and Obaygbona's prior criminal history, the District Court calculated Obaygbona's Guidelines range as 63 to 78 months. The District Court sentenced Obaygbona to 70 months' imprisonment for conspiracy to commit wire fraud, 70 months' imprisonment for conspiracy to commit identity theft, and 30 months' imprisonment for conspiracy to gain unauthorized access to computers. The District Court ordered that all three sentences were to be served concurrently.

Obaygbona appealed, challenging both his conviction and his sentence.

## II. Conviction

Obaygbona contends that we must overturn his conviction for three reasons. First, the District Court improperly omitted an overt act requirement from its jury instructions regarding the elements of conspiracy. Second, the District Court inadequately instructed the jury regarding wire fraud. Third, the District Court failed to declare a mistrial after the government prejudicially commented on Obaygbona's decision not to testify at trial. [1] None of these perceived errors merits reversal.

---

[1] Because Obaygbona raised none of these issues before the District Court, we review for plain error. *See United States v. Marcus*, 560 U.S. 258, 262-64 (2010); *United States v. Brown*, 254 F.3d 454, 458, 463 (3d Cir. 2001) (unpreserved objection to prosecutor's summation). Under plain error review, an appellate court may correct an error only when the appellant demonstrates there is an error, the error is clear or obvious, the error affected the appellant's substantial rights,

First, when the District Court instructed the jury regarding conspiracy, it did not plainly err in omitting an overt act requirement. The text of the relevant statute, 18 U.S.C. § 1349, does not expressly require an overt act requirement, so it likely contains none. *See Whitfield v. United States*, 543 U.S. 209, 213 (2005). Indeed, Obaygbona's trial counsel, when asked by the District Court, agreed that § 1349 contained no overt act requirement. In any event, we need not decide the issue. Whether a § 1349 conspiracy requires an overt act is, at the very least, "subject to reasonable dispute" and therefore not plain error. *See Marcus*, 560 U.S. at 262.

Second, the District Court did not commit plain error by omitting a detailed instruction on the meaning of an interstate wire. According to Obaygbona, the District Court failed "to give the jury the necessary clarifying instruction on what" it means to transmit a writing, signal, or sound by means of a wire, radio, or television communication. (Obaygbona Br. 37.) But Obaygbona did not dispute at trial that the conspiracy involved interstate wire communications. Accordingly, any further instruction to the jury about of the meaning of a "wire" would not have had any reasonable probability of affecting the trial's outcome. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

Third, the Government did not make a constitutionally impermissible comment on his silence during the trial. Obaygbona contends that the prosecutor violated Obaygbona's Fifth Amendment rights by describing certain evidence as "not in dispute." (Obaygbona Br. 42.) In particular, the prosecutor described the existence of the identity theft ring, the ring's use of fake IDs, and the ring's focus on making fraudulent withdrawals as "not even in dispute." App'x 924. The prosecutor's language, however,

---

and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Marcus*, 460 U.S. at 262.

does not appear to have been "manifestly intended" or "of such character that the jury would naturally take it to be a comment on the failure of the accused to testify." *Cf. Brown*, 254 F.3d at 463 (quoting *Bontempo v. Fenton*, 692 F.2d 954, 958 (3d Cir. 1982)). Accordingly, the District Court had no obligation to declare a mistrial.

## III. Sentence

Obaygbona next challenges two aspects of the District Court's Guidelines calculation. First, Obaygbona contends that the District Court miscalculated the actual or intended loss cause by his conduct. Second, Obaygbona challenges the District Court's factual finding that the victims numbered at least 50.[2] We reject both arguments.

The District Court did not commit clear error when it determined that Obaygbona caused losses in excess of $70,000. The District Court had before it evidence showing the identity theft conspiracy caused actual or intended losses in excess of $120,874. Obaygbona does not dispute this. Rather, he asserts that much of the loss ought to be attributed to other members of the conspiracy, not to him, because his co-conspirators used the stolen information to withdraw money from more banks than Obaygbona instructed them to visit. Having provided fake identities to his co-conspirators for the purpose that they use them to make unauthorized bank withdrawals, however, Obaygbona cannot disclaim responsibility when his collaborators used the same tactics at other banks. We credit the District Court's conclusion that these losses were reasonably foreseeable to Obaygbona. Therefore, the District Court reasonably found facts that supported an 8-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(E).

---

[2] We review a district court's interpretation of the Guidelines de novo. We review a district court's factual findings for clear error. We accord a district court's application of its factual findings to the Guidelines with due deference. *See United States v. Richards*, 674 F.3d 215, 218-23 (3d Cir. 2013).

The District Court did not commit clear error when it estimated that the number of victims numbered at least 50. The District Court found Obaygbona's offense "involved 50 or more victims" and thus increased the Guideline offense-level by 4 levels. U.S.S.G. § 2B1.1(b)(2)(B). Obaygbona contends that the District Court ought to have counted only those individuals whose identifying information Obaygbona and his co-conspirators used to commit fraud. Had Obaygbona merely possessed or transferred identifying information, he perhaps would not have "used" that information within the meaning of § 2B1.1. *See, e.g.*, *United States v. Hall*, 704 F.3d 1317, 1321 (11th Cir. 2013). But the trial record shows that the conspirators accessed the private financial accounts of more than 40 persons, in addition to at least 10 persons whose accounts they had plundered or credentials they had forged. Thus, the District Court did not clearly err when it concluded that Obaygbona's conduct affected at least 50 victims.

## IV. Conclusion

We affirm Obaygbona's conviction and sentence. The District Court did not commit plain error in instructing the jury about conspiracy or wire fraud. Nor did it allow the government to improperly comment on Obaygbona's silence. Nor did it err when it found that Obaygbona's conduct caused more than $70,000 in losses and affected more than 50 victims.